UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TENNILLE VIAU,                          Case No. 2:21-cv-11169
As Next Friend of K.V.,
          Plaintiff,                    HON. MARK A. GOLDSMITH
v.

CITY OF TROY, *et al,*
          Defendants.
_____/

| | |
|---|---|
| Kevin Ernst (P44223) | Lori Grigg Bluhm (P46908) |
| Hannah Fielstra (P82101) | Allan T. Motzny (P37580) |
| ERNST CHARARA & LOWELL, PLC. | TROY CITY ATTORNEY'S OFFICE |
| Attorneys for Plaintiff | Attorneys for Defendants Troy, Bo, and Mercer |
| 645 Griswold, Suite 4100 | 500 W. Big Beaver Road |
| Detroit, MI 48226 | Troy, MI  48084 |
| (313) 965-5555 | (248) 524-3320 |
| kevin@ecllawfirm.com | bluhmlg@troymi.gov |
| hannah@ecllawfirm.com | motznyat@troymi.gov |

_____/

## DEFENDANTS CITY OF TROY, ELAINE BO, AND SCOTT MERCER'S MOTION FOR DISMISSAL AND SUMMARY JUDGMENT; BRIEF IN SUPPORT OF MOTION

## MOTION FOR DISMISSAL AND SUMMARY JUDGMENT

Defendants move pursuant to Fed R Civ P 12(b)(1) and 56(a) for a dismissal and summary judgment in their favor. In accordance with ED Mich LR 7.1(a), undersigned counsel certifies that he personally spoke with opposing counsel Hannah Fielstra on August 17, 2021, explaining the nature of the relief sought by way of this motion and seeking concurrence in the relief, but opposing counsel expressly denied concurrence.

## <u>BRIEF IN SUPPORT OF MOTION FOR DISMISSAL AND SUMMARY JUDGMENT</u>

### <u>STATEMENT OF ISSUES PRESENTED</u>

The issues presented in this case are:

1) Whether Count I of Plaintiff's complaint alleging a denial of equal protection should be dismissed against all Defendants for failure to state a claim upon which relief may be granted and as a matter of law for the reason there is no proof of racially discriminatory intent or purpose.

2) Whether Count II of Plaintiff's complaint alleging *Monell* liability should be dismissed against the City of Troy for failure to state a claim upon which relief may be granted and as a matter of law because there is no proof a Constitutional violation occurred as a result of a policy or custom of the City of Troy.

3) Should Plaintiff's Constitutional claims against the individual defendants be dismissed based on qualified immunity?

4)  Should Plaintiff's state law claims be dismissed for lack of subject matter jurisdiction?

5) Whether Counts III and IV of Plaintiff's complaint alleging violation of the Elliott-Larsen Civil Rights Act and a violation of MCL 740.146

2

should be dismissed against all Defendants for failure to state a claim

upon which relief may be granted and because there is no proof

Defendants committed violations of those acts.

## STATEMENT OF MOST CONTROLLING OR MOST APPROPRIATE AUTHORITIES FOR THE RELIEF SOUGHT

The most controlling or appropriate authorities are:

1. For Issue 1: *Ashcroft v Iqbal,* 556 US 662, 561; 129 S Ct 1937; 173 L ED 2d 868 (2009) and *Village of Arlington Heights v Metropolitan Housing,* 429 US 252: 97 S Ct 555; 50 L Ed 2d 450 (1977).

2. For Issue 2: *Ashcroft v Iqbal,* 556 US 662, 561; 129 S Ct 1937; 173 L ED 2d 868 (2009) and *Monell v New York City Department of Social Services,* 436 US 658; 98 S Ct 2018; 56 L Ed 2d 611 (1978).

3. For Issue 3: *Harlow v Fitzgerald,* 457 US 800, 818; 102 S Ct 2727; 73 L Ed 2d 396 (1982) and *Pearson v. Callahan*, 555 US 223; 129 S Ct 808; 172 L Ed 2d 565 (2009).

4. For Issue 4: 28 U.S.C. Sections 1331 and 1332.

5. For Issue 5: *Scalise v Boy Scouts of America,* 265 Mich App 1; 692 NW2d 858 (2005).

## STATEMENT OF FACTS

Plaintiff Tennille Viau, as next friend of K.V., a minor child, filed a 4-count complaint seeking damages against the City of Troy, Elaine Bo, Scott Mercer and two unknown individuals identified as John Doe and Jane Doe.  A copy of the complaint is attached as Exhibit A.

Count I is based on 42 USC § 1983 and alleges a violation of the 14th Amendment Equal Protection Clause. Count II alleges the City of Troy is liable for the alleged actions of the individual defendants. Count III alleges a violation of the equal accommodation provisions of Michigan's Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq.* Count IV alleges a denial of equal public accommodations under MCL 750.147.

According to the complaint, John and Jane Doe are agents of the City of Troy and Elaine Bo and Scott Mercer are employees of the City. Compl,, Par 4-8. It is alleged that on July 10, 2019, 10-year-old K.V. was enrolled in the City of Troy Recreation Department summer sports camp for soccer. Compl., Par 10. Plaintiff claims that John Doe was K.V.'s coach and that he told K.V. they were going to play a game called "Bomb the Country." Compl., Par 13.  The complaint states the coach asked all the non-white children, including K.V., what country they were from, and then placed all the white children on Team America and the non-white children on other teams. Compl., Par 14 – 20.  Allegedly, K.V. was placed on team Argentina, even though she told the coach she was from the United States of America. Compl., Par 18. Thereafter, it is alleged the coach had the

5

children play a game "pitting" the white children against the non-white children. Compl., Par 22-23.

Plaintiff states that on July 11, 2019, Ms. Viau complained about the actions of the soccer coach to Defendants Elaine Bo, Troy Recreation Director, and Scott Mercer, Troy Recreation Supervisor. Compl., Par 26.  According to the complaint, Mercer responded the game had been played for years, but the game may need a name change. Compl., Par 27, 29. Plaintiff alleges on July 12, 2019, soccer coach Jane Doe informed the children they would play a game called "Cowboys and Indians." Compl., Par 30.  According to the complaint, Ms. Viau also complained to Troy officials the game "Cowboys and Indians" was inappropriate because of the "us versus them" environment.  Compl, Par 31.  It is also alleged that Ms. Viau, on July 12, 2019, notified Troy officials that children had been segregated by national origin, race, and/or color on July 10, 2019, and that the response from Elaine Bo was "good to know."  Compl., Par 32-34.

There is no allegation that Defendants Mercer and Bo were ever present during the soccer camp or had any involvement in the decision to play "Bomb the Country" or "Cowboys and Indians." There is also no allegation that Mercer or Bo encouraged the alleged

6

decision of John Doe to have the camp attendees play "Bomb the Country." There is no allegation that any of the Defendants acted with discriminatory intent or purpose. Moreover, the allegations in the complaint reveal that K.V. was never denied the opportunity to participate in the soccer camp program.

Additional facts relevant to this case are set forth in the affidavits of Defendants Mercer (Exhibit B) and Bo (Exhibit C). Ms. Viau had registered two children - K.V. and A.V - for several summer camp programs run by the Troy Parks and Recreation Department in 2019. Mercer Aff. Par 4. K.V. was registered for soccer, track and field, extreme recess, and cheerleading. Mercer Aff. Par 4. A.V. was registered for soccer, cheerleading and extreme recess. Mercer Aff. Par 4. In May 2019, Ms. Viau cancelled the registration for three of the programs (cheerleading and soccer for A.V. and track and field for K.V.) and received a refund. Mercer Aff. Par 5. The soccer camp referenced in the complaint took place Monday July 8, 2019 through Friday, July 12, 2019. Mercer Aff. Par 8. Since the complaint shows that K.V. participated in that camp and was there on the last day of July 12, 2019 (Compl. Par 30), there is no dispute K.V. participated in the full soccer camp program. Ms. Viau subsequently

7

cancelled A.V.'s registration for extreme recess and K.V.'s registration for cheerleading and extreme recess, and she received another refund on July 24, 2019. Mercer Aff. Par 6.  Ms. Viau did not specify any reasons for cancelling any of the Troy camps, and some occurred prior to the end of the soccer camp.

The soccer camp program is one of the summer sports camp programs administered by the City's Park and Recreation Department in conjunction with the Troy School District. Mercer Aff. Par 3. Although the program was at a City owned park, the coaches were provided by the Troy School District.  Mercer Aff. Par 7-8.  All the activities that took place at the camp were chosen and administered by the coaches. Mercer Aff. Par 10.  The City did not provide any direction on how the coaches should run the program, and the coaches were not required to turn in lesson plans to the City. Mercer Aff. Par 10.

Although the complaint indicates Ms. Viau complained to Troy officials on July 11, 2019 (Compl. Par 26), the email she sent to the City's Recreation Department reveals only a concern about the violent implications of a game called "Bomb the Country" and not the segregation of the children. Mercer Aff. Par 11-12.  As noted in his

affidavit, Mercer communicated Ms. Viau's complaint to a
representative of the School District, who told him that the game had
been played for decades, that it was a camp favorite, and that many
returning camp kids made specific requests to play it. Mercer Aff. Par
14.  The representative of the School District advised Mercer they
could come up with a new name for the game. Mercer Aff. Par 14.
Contrary to Plaintiff's allegations in paragraphs 27 and 29 of the
complaint, which makes it appear Mercer had prior knowledge that
the game "Bomb the Country" had been played at the soccer camp,
Mercer clarified that the coaches were from the Troy School District,
and he then reported the information that he learned from the Troy
School District liaison.  Mercer Aff. Par 14-15.  Mercer was previously
unaware that the game called "Bomb the Country" was played at the
soccer camp. Mercer Aff. Par 16.  Furthermore, at no time did Ms.
Viau indicate to Scott Mercer that there was racial segregation or
separation.  The only concern Ms. Viau articulated was the chosen
name of the game, where the use of the word "bomb" could have
insensitive connotations in today's world.  Mercer Aff. Par 17.  There
is no record of any complaints of discrimination based on race, color,
or national origin in connection with the summer sports camp

programs lodged with the Recreation Department or others at the City of Troy.

Elaine Bo was the Director of the City of Troy Recreation Department in the summer of 2019.  Bo Aff. Par 2. She was not involved with the day to day administration of the summer sports camp program, as those duties were assigned to a Recreation Supervisor. Bo Aff. Par 4.  She does recall talking with Ms. Viau about the name of the game, and afterwards she directed a Recreation Supervisor to investigate the allegations and take any appropriate action. Bo Aff. Par 5.  She has no knowledge of any complaints of racial, color, or national origin discrimination in the summer sports camps.  Bo Aff. Par 6.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows the court to assess whether a plaintiff has stated a claim upon which relief may be granted.  FR Civ P (12)(b)(6).  The standard of review for motions filed under Rule 12 of the Federal Rules of Civil Procedure was discussed in *Morgan v Church's Fried Chicken,* 829 F2d 10, 11-12 (CA 6, 1987):

> " …Under Rule 12(b)(6)… a complaint may be dismissed 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'… The complaint must be construed in the light most favorable to plaintiff, and its well pleaded

facts must be accepted as true. …However, we need not accept as true legal conclusions or unwarranted factual inferences…" (Citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do."  *Association of Cleveland Fire Fighters v City of Cleveland,* 502 F3d 545, 548 (CA 6, 2007).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft,* 679.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id,* 678.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

Summary judgment is proper under Rule 56 of the Federal Rules of Civil Procedure if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P 56(a).  There is no issue for trial unless there is sufficient evidence, favoring the Plaintiff, to allow a jury to return a verdict for that party.  *Anderson v Liberty Lobby Inc.,* 477 US 242; 106 S Ct 2505, 2512; 91 L Ed 2d 202 (1986).  The mere existence of scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence from which the jury could reasonably find for the Plaintiff.  *Id.*

## ARGUMENT

### I. COUNT I OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THERE IS NO EVIDENCE DEFENDANTS ACTED WITH RACIALLY DISCRIMINATORY INTENT OR PURPOSE

In Count I of the complaint, Plaintiff alleges Defendants are liable under 42 USC § 1983 on the basis Defendants violated Plaintiff's right to equal protection.  A case brought under 42 USC § 1983 fails when Plaintiff cannot show an underlying constitutional violation. *Napier v Madison County,* 238 F 3d 739, 743 (CA 6, 2001). To state a claim under 42 USC 1983, a plaintiff must allege that 1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and, 2) the deprivation was caused by a person acting under color of state law.  *Hakken v Washtenaw County,* 901 F Supp 1245, 1249 (ED Mich, 1995).  A complaint must contain allegations respecting all the elements to sustain recovery under some viable legal theory.  *Scheid v Fanny Farmer Candy Shops, Inc.,* 859 F2d 435, 436 (CA 6, 1988).  Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under 42 USC 1983.  See *Flagg Bros. v Brooks,* 436 US 149, 155-157; 98 S Ct 1729; 56 L Ed 2d 185 (1978).  Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to

the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints. *Potter v Clark,* 497 F2d 1206, 1207 (CA 7, 1974). Additionally, proof of a racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. *Village of Arlington Heights,* 265.

There is no allegation anywhere in the complaint that any of the Defendants acted with racially discriminatory intent or purpose. In fact, there are no allegations Defendants Elaine Bo, Scott Mercer or Jane Doe engaged in any conduct that could be deemed discriminatory. In paragraph 18 of Plaintiff's complaint, it is alleged that K.V. is biracial and she was placed on Team Argentina (presumably by Defendant John Doe) after she was asked what country she was from. Paragraphs 19 and 20 allege that white children were not asked where they were from and placed on Team America, while none of the non-white children were placed on Team America. Assuming John Doe did ask such questions and did place K.V. on Team Argentina, such conduct, without anything more, does not show John Doe acted with racially discriminatory intent or purpose. Where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has not shown the pleader is entitled to relief as required under Federal Rule of Civil Procedure 8(a)(2). *Ashcroft,* 678-

679.  The complaint in this case does not contain any factual allegations that plausibly suggests any Defendants acted with a discriminatory state of mind.  *Ashcroft,* 683.  Accordingly, Count I of the complaint should be dismissed against all Defendants for failure to state a claim.

Furthermore, based on the affidavits of Mercer and Bo, it is clear that Plaintiff cannot prove that the City of Troy or any of its employees engaged in any discriminatory conduct toward K.V. Neither Bo or Mercer were present for the soccer camp, and neither one of them provided any direction to the coaches or had any knowledge that the coaches at the soccer camp engaged in conduct that Plaintiff alleges was problematic. Additionally, the coaches were not City of Troy employees.  To the extent the coaches may be deemed agents of the City of Troy, the City itself cannot be held vicariously liable for the alleged unconstitutional acts of its agents except in the circumstances set forth in the *Monell* case, which is discussed in more detail below.

Plaintiff may argue that Defendants Bo and Mercer are liable based on their supervisory positions.  However, supervisory liability under 42 USC § 1983 requires Plaintiff to show the supervisor encouraged or condoned the alleged unconstitutional conduct.  *Bass v Robinson,* 167 F 3d 1041, 1048 (CA 6, 1999) citing *Leach v Shelby County Sheriff,* 891 F 2d 1241, 1246 (1989).  Supervisory liability cannot attach under § 1983 where the

allegation of liability is based upon mere failure to act. *Bass,* 1048, *Leach,* 1246. To establish a valid claim for improper supervision, the plaintiff must show the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *Sova v City of Mt.Pleasant,* 142 F 3d 898, 904 (CA 6, 1898), citing *Lillard v Shelby County Board of Education*, 76 F 3d 716, 727 (CA 6, 1996) and *Bellamy v Bradley,* 729 F 2d 416, 421 (CA 6, 1984). At a minimum, a §1983 plaintiff must show a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. *Bellamy,* 421, *Hays v Jefferson County,* 688 F 2d 869, 872-874 (CA 6, 1982). Assuming Plaintiff's allegations as true, for the purposes of this Motion, Plaintiff has not and cannot demonstrate that Mercer or Bo authorized, approved, or knowingly acquiesced in placing nonwhite children on a separate team from the white children. At best, Plaintiff's complaint merely alleges a failure to act on the part of Bo and Mercer. As noted above, a mere failure to act is insufficient to impose supervisory liability. *Bass,* 1048. Even if Mercer or Bo had knowledge that one of the coaches had a discriminatory purpose, such knowledge by itself is not enough to impose liability of one in a supervisory role. *Ashcroft,* 677. Thus, Count I of Plaintiff's complaint should be dismissed against all Defendants.

## II.  COUNT II OF THE COMPLAINT SHOULD BE DISMISSED AGAINST THE CITY OF TROY AS THERE IS NO BASIS FOR MONELL LIABILITY

In Count II of the complaint, Plaintiff alleges the City of Troy "had a custom and practice of allowing segregation based on race, color and/or national origin."  Compl Par 40. However, this mere conclusion, without any additional evidence of a policy or custom of the City of Troy, is insufficient to impose liability on the City in this case. *Ashcroft,* 678.

A municipality may not be held liable in an action under 42 USC § 1983 for alleged unconstitutional conduct of persons that are below the policy making level on the basis of respondeat superior.  *Monell,* 694. For a municipality to incur liability, the Plaintiff must prove that there is an official policy or custom of the City that causes Plaintiff to be subjected to a denial of a constitutional right.  *Zahra v Town of Southold,* 48 F 3d 674 (CA 2, 1995).  In order to prevail against a municipality under 42 USC § 1983, a Plaintiff "must identify the policy, connect the policy to the city itself, and show that the particular injury was incurred because of the execution of that policy." *Garner v Memphis Police Department*, 8 F 3d 358, 363-364 (CA 6 1993).  In this case, Plaintiff has failed to identify a specific policy of the City of Troy and has failed to specifically connect a City of Troy policy to the alleged injuries.  The allegation in the complaint the City had a custom

16

and practice of allowing segregation based on race, color and/or national origin is just a conclusion without factual support.  A pleading that offers "*labels and conclusions*" that is devoid of "*further factual enhancement*" is not enough to state a cause of action. *Ashcroft,* 678, citing *Bell Atlantic Corp v Twombly,* 550 US 544, 555, 557; 127 S Ct 1955; 167 L Ed 2d 929 (2007).  Thus, Plaintiff has failed to state a cause of action against the City of Troy under 42 USC § 1983.

Additionally, as shown in the affidavits of Mercer and Bo, there is no evidence of the existence of a policy or practice existing in the City of Troy resulting in the alleged discriminatory conduct in this case.  As indicated in Mercer's affidavit, he was not even aware that the coaches at the soccer camp played a game called "Bomb the Country" until he spoke with a representative of the Troy School District.  Moreover, as noted in the affidavits of Both Mercer and Bo, the City has not received any previous allegations of discriminatory conduct at the summer sports camps.  Thus, since there is no evidence of an actual policy or custom of the City of Troy that resulted in discriminatory conduct by employees or agents of the City, summary judgment should be granted in favor of the City of Troy and Plaintiff's Section 1983 action should be dismissed.

### III.  PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED BASED ON QUALIFIED IMMUNITY

Governmental officials performing discretionary functions are shielded from liability for civil damages, in so far as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known.  *Harlow v Fitzgerald,* 457 US 800, 818; 102 S Ct 2727; 73 L Ed 2d 396 (1982). In determining whether an individual has qualified immunity, the relevant dispositive inquiry is whether it is clear to a reasonable official that his or her conduct was unlawful in the situation confronted. *Pearson v. Callahan*, 555 US 223, 244; 129 S. Ct. 808; 172 L Ed 2d 565 (2009), *Williams v Mehra,* 186 F 3d 685, 691 (CA 6, 1999).  Qualified immunity is an initial threshold question decided early in the proceedings, so that the cost and expenses of trial are avoided where the defense is dispositive. Qualified immunity is "an entitlement not to stand trial or face other burdens of litigation." *Mitchell v Forsyth,* 472 US 511, 526; 105 S Ct 2806 (1985).  When a defendant raises the defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity.  *Haynes v City of Circleville,* 474 F3d 357, 362 (CA 6, 2007).  The plaintiff must not only allege sufficient facts to state a claim, the allegations must be supported by sufficient evidence showing what the official

18

did was not objectively reasonable in light of clearly established constitutional

rights.  *Williams,* 691.

It is clear from the affidavits of Mercer and Bo that they did not engage

in any conduct that could possibly be reasonably construed as unlawful.

Neither Mercer or Bo were even aware that the coaches used a game for the

camp attendees that was called "bomb the country" until informed of this fact

by Plaintiff. They were not aware of and did not participate in any type of

segregation based on race or national origin or any other discriminatory basis.

As noted in their affidavits, the City has never received any complaints of any

discriminatory action in connection with the summer camps, and especially the

soccer camp.

Additionally, Plaintiff's allegations concerning John Doe and Jane Doe

are such that there is no basis for a determination that their conduct was

knowingly clearly unlawful.  The gist of Plaintiff's argument is that K.V. was

placed on Team Argentina and the white children were placed on Team

America.  Essentially, Plaintiff claims K.V.'s constitutional rights were violated

because she was not placed on the scrimmaging team that she wanted to be

placed on.  Since there is no authority indicating a person participating in a

sports program has a constitutional right to be placed on a team of their own

choosing, the conduct alleged by Plaintiff does not violate clearly established

statutory or constitutional rights which a reasonable person would have known.

Since there is no evidence that any of the individual Defendants engaged in conduct they reasonably believed would have violated Plaintiff's constitutional rights, Plaintiff's claims against Bo and Mercer and the individual unnamed Defendants should be dismissed based on qualified immunity.

## IV. PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Counts III and IV of Plaintiff's complaint are based on alleged violations of Michigan statutes. These claims should also be dismissed because this Court lacks subject matter jurisdiction.  The two basic statutory grants of subject matter jurisdiction are contained in 28 USC §1331, which provides for "federal question" jurisdiction, and 28 USC § 1332, which provides for "diversity of citizenship" jurisdiction.  Plaintiff does not allege diversity of citizenship.  Additionally, since Plaintiff's state law claims fail to allege a claim "arising under the Constitution, laws, or treaties of the United States," this Court does not have subject matter jurisdiction.  28 USC § 1331.  Although Plaintiff will contend the Court has supplemental jurisdiction under 28 USC § 1367(a), this Court may decline supplemental jurisdiction over a claim if it has dismissed all other claims over which it has original jurisdiction.  28 USC § 1367(c)(3).  Since all of Plaintiff's federal claims should be dismissed for

reasons stated above, the Court may decline jurisdiction over any remaining claims brought under state law.

### V.  COUNT III AND IV OF PLAINTIFF'S COMPLAINT ALLEGING VIOLATIONS OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT AND MCL 740.146 SHOULD BE DISMISSED

Count III of Plaintiff's complaint alleges Defendants denied K.V. of equal public accommodations in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*  In Count IV, Plaintiff argues that Defendants denied K.V. the accommodations of the Troy summer sports camp in violation of MCL 750.146.  Neither of these claims have any merit and should be dismissed.

The State of Michigan protects the public's rights to equal access to public accommodations through the Elliott-Larsen Civil Rights Act (MCL 37.2101 *et seq.*) and provisions in the Michigan Penal Code, often referred to as the equal accommodations law (MCL 750.146 *et seq.*).  *Scalise,* 29. To prevail on a cause of action under the Civil Rights Act, a plaintiff must show unjustified disparate treatment or intentional discrimination related to a place of public accommodation. *Id.,* 30. A violation occurs where a person is denied full and equal enjoyment of the good, services or facilities provided by the defendant.  *Id.,* 30, *Clarke v Kmart Corp.,* 197 Mich App 541, 545; 495 NW2d 820 (1992).  To prevail on a cause of action under the

equal accommodation act, a plaintiff must show a withholding, refusal, or denial of public accommodations. *Id.*

In this case, Plaintiff admits K.V. participated in the entire week-long soccer camp. There is no allegation or evidence that any of the Defendants denied K.V. the opportunity to fully engage and participate in any camp activities.  There was no withholding, refusal, or denial of public accommodations.  Thus, Count IV of the Complaint, alleging a violation of MCL 750.146, should be dismissed.

Plaintiff may assert that K.V. was denied the full and equal enjoyment of the camp in violation of the Civil Rights Act because she was not placed on the same team as other children at the camp. However, as noted in *Scalise,* equal enjoyment occurs as long as the plaintiff has full use of the public accommodation.  In *Scalise*, the plaintiffs claimed a denial of public accommodations because a school facility allowed the Boy Scouts to use facilities that were closed off to plaintiffs. *Scalise,* 32.  Plaintiffs argued that since the Boy Scout meetings were closed to plaintiffs, they were deprived of full enjoyment of the school's facilities. *Id.*  In rejecting this claim, the Court noted that full enjoyment "…*does not require that patrons of public accommodations … be given carte blanche to indiscriminately enter any classroom or gymnasium regardless of the competing interests of others."*

*Id.* Likewise, in this case, full enjoyment of the soccer camp does not require that each child be placed on a specific team.  Being placed on a different team than other children did not deny K.V. the right to fully and equally enjoy the soccer camp.  As previously noted, K.V. participated in soccer camp activities each day of the program, and there is no allegation that she was denied the opportunity to engage in any of the activities that were offered to all the children at the camp.

Since there is no allegation or proof that any Defendants denied K.V. the accommodations of the Troy summer sports camp in violation of MCL 750.146 or denied K.V. equal enjoyment of a public accommodation in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.,* Counts III and IV of the complaint should be dismissed.

Dated: August 20, 2021       s/Allan T. Motzny (P37580)
                             Troy City Attorney's Office
                             Attorney for Defendants Troy, Bo and Mercer
                             500 W. Big Beaver Road
                             Troy, MI 48084
                             (248) 524-3320
                             motznyat@troymi.gov

## **Certificate of Service**

I hereby certify that on August 20, 2021, I electronically filed

Defendant City of Troy, Elaine Bo, and Scott Mercer's Motion for Dismissal

and Summary Judgment, and Brief in Support of the Motion with the Clerk

of the Court using the ECF system and served notice of such filing to all

parties of record using the ECF system.


Dated: August 20, 2021          s/Allan T. Motzny (P37580)
                                Troy City Attorney's Office
                                Attorney for Defendants Troy, Bo and Mercer
                                500 W. Big Beaver Road
                                Troy, MI 48084
                                (248) 524-3320
                                motznyat@troymi.gov