UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TENNILLE VIAU,
as Next Friend of K.V.,

       Plaintiff,

vs.

CITY OF TROY, a municipal corporation,
TROY SCHOOL DISTRICT,
JOHN DOE, JANE DOE, ELAINE BO
and SCOTT MERCER,
Jointly and Severally,

       Defendants.
_____

Case No. 21-11169

Hon. Mark A. Goldsmith

| ERNST CHARARA & LOVELL, PLC | Lori Grigg Bluhm (P46908) |
|---|---|
| Kevin Ernst P44223 | Allan T. Motzny (P37580) |
| Hannah Fielstra P82101 | TROY CITY ATTORNEY'S OFFICE |
| Counsel for Plaintiff | Attorneys for Defendants Troy, Bo, and Mercer |
| 645 Griswold, Suite 4100 | 500 W. Big Beaver Road |
| Detroit, Michigan 48226 | Troy, MI 48084 |
| (313) 965-5555 | (248) 524-3320 |
| kevin@ecllawfirm.com | bluhmlg@troymi.gov |
| hannah@ecllawfirm.com | motznyat@troymi.gov |

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, by Counsel, in support of her complaint states as follows:

## VENUE AND JURISDICTION

1. Plaintiff was at all times relevant hereto, a citizen of the United States and State of Michigan residing in the Eastern District of Michigan.

2. The cause of action arose in the City of Troy, Michigan, in the Eastern District of Michigan.

3. The City of Troy is a municipal corporation and political subdivision of the State of Michigan.

4. The Troy School District is a public school district located within the City of Troy in the State of Michigan.

5. Defendant John Doe was at all times relevant hereto an agent of the City of Troy Recreation Department and was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the City of Troy Recreation Department and/or the Troy School District and is being sued in his individual capacity.

6. Defendant Jane Doe was at all times relevant hereto an agent of the City of Troy Recreation Department and was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the City of Troy Recreation Department and/or the Troy School District and is being sued in her individual capacity.

7. Defendant Elaine Bo was at all times relevant hereto an employee of the City of Troy Recreation Department and was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the City of Troy Recreation Department and is being sued in her individual capacity.

8. Defendant Scott Mercer was at all times relevant hereto an employee of the City of Troy Recreation Department and was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the City of Troy Recreation Department and is being sued in his individual capacity.

9. The federal claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

10. The state law claims brought herein are cognizable under Michigan law and supplemental jurisdiction is conferred by 28 USC § 1367 as these claims form part of the same case or controversy.

## **FACTUAL ALLEGATIONS**

11. On or about July 10, 2019, Plaintiff Tennille Viau's Next Friend, ten-year-old K.V., was enrolled in the City of Troy Recreation Department's summer sports camp for soccer.

12. The summer program is administered by the City of Troy Park and Recreation Department in conjunction with the Troy School District.

13. Based on information and belief, the coaches are provided by the Troy School District.

14. The summer sports soccer camp took place in a City of Troy public park.

15. The summer sports soccer camp was jointly administered by Defendants John and Jane Doe, who jointly participated with various Troy Recreation Department and Troy School District officials in administering the summer sports camp program.

16. On July 10, 2019, K.V.'s soccer coach, John Doe, informed Kira and approximately 14 other similarly aged children that they were going to play a game called "Bomb the Country".

17. Her coach then proceeded to ask all the non-white children what country they were from.

18. The coach then proceeded to segregate the children based on their ancestral country of origin and/or color, race, or ethnicity.

19. One Asian-American child indicated that her family was from China, and the coach instructed her that she would be on Team China.

20. Another Argentine-American child indicated that her family was from Argentina, and the coach instructed her that she would be on Team Argentina.

21. K.V., who is biracial, i.e., African American and Caucasian, was asked where she was from and when she responded that she was from the United States of America, the coach placed her on Team Argentina.

22. None of the white children were asked what country they were from, and all were placed on Team America.

23. None of the non-white children were placed on Team America.

24. Thus, the Team America children were all white and all the non-white children were not Team America.

25. The coach then pitted the segregated children against each other.

26. The children were instructed to take a soccer ball and pretend it was a bomb and kick it into the other "countries" to blow them up, pitting the white children against the non-white children.

27. The words and actions of soccer coach, John Doe, Troy Recreation Department and/or Troy School District's agent, created an intimidating, hostile, and/or offensive public accommodations/public services environment.

28. K.V. felt offended, intimidated, alienated and stigmatized by being segregated based on her color and/or race.

29. On July 11, 2019, Ms. Viau complained about the practice to the City of Troy Recreation Department Director Elaine Bo, to Scott Mercer, the Troy Recreation Supervisor and to Troy official Sarah Davis (hereafter collectively referred to as "the Troy officials").

30. On July 11, 2019, Scott Mercer, informed Ms. Viau that the game had been played for "years" and the children loved it and requested it.

31. However, the children did not request to play "Bomb the Country" and did not request to be segregated based on their national origin, color or race; the game was chosen by the soccer coach and he also chose to segregate them based on their race.

32. Ms. Viau was also told by the Recreation Supervisor that the game "might need a name change", but no one addressed the segregation of the children by race, color and/or national origin.

33. On July 12, 2019, K.V.'s soccer coach, Jane Doe, informed the kids that they were going to play a game called "Cowboys vs. Indians."

34. Upon learning of this development, Ms. Viau informed the Troy officials that the "Cowboys vs. Indians" game was inappropriate and that children were being pitted against each other in an "us versus them" environment.

35. Later on July 12, 2019, upon learning that K.V. had been placed in the Argentina group two days earlier while the white children were placed in the American group, she notified the Troy officials that the children had been segregated by national origin, race and/or color.

36. Elaine Bo responded by stating it was "good to know."

37. However, once again, no one addressed the segregation of the children based on color, race or country of origin, or the disparate treatment to which K.V.

was subjected based on her color and/or race or the intimidating, hostile, or offensive environment that had been created.

38. Ms. Viau then promptly pulled her children out of the Troy summer sports camp.

39. K.V. was constructively denied access to the summer sports camp program by the intimidating, hostile, and/or offensive environment.

40. Defendants' actions and/or omissions proximately caused K.V. the damages set forth below.

## COUNT I - ALL DEFENDANTS
## DENIAL OF EQUAL PROTECTION
## IN VIOLATION OF FOURTEENTH AMENDMENT

41. Defendants John and Jane Doe, Elaine Bo and Scott Mercer denied K.V. the equal protection of the law by segregating her based on her race, color or national origin.

42. Defendants John and Jane Doe, Elaine Bo and Scott Mercer were acting under color of law when he/they denied K.V. the equal protection of the law by segregating her based on race or color.

## COUNT II - CITY OF TROY AND TROY SCHOOL DISTRICT ONLY
## MONELL LIABILITY

43. Defendant City of Troy and Troy School District had a custom and practice of allowing segregation based on race, color and/or national origin as

7

evidenced by its Recreation Director admitting that the segregation practice had been going on "for years".

44. The custom and practice was a driving force behind the constitutional violation.

## COUNT III - ALL DEFENDANTS
## DENIAL OF EQUAL PUBLIC ACCOMMODATIONS IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 *et. seq*.

45. Defendant City of Troy's and/or Troy School District's agents denied K.V. the full and equal enjoyment of the services and accommodations of a place of public accommodation in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

46. The agents of Defendant City of Troy and/or Troy School District were acting in the course and scope of their agency when they denied K.V. the full and equal enjoyment of the services and accommodations of a place of public accommodation.

47. Defendants City of Troy and Troy School District are vicariously liable as *respondeat superior* for the denial of the full and equal enjoyment of the services and accommodations of a place of public accommodation.

## COUNT IV - ALL DEFENDANTS
## DIRECT OR INDIRECT DENIAL OF PUBLIC ACCOMMODATIONS, ADVANTAGES, FACILITIES AND PRIVILEGES IN VIOLATION OF MCL 750.146

8

48. Defendants directly or indirectly refused, withheld or denied K.V. one or more of the accommodations, advantages, facilities and privileges of the Troy summer sports camp based on race, color or national origin.

49. The agents of Defendants City of Troy and Troy School District were acting in the course and scope of their agency when they denied K.V. one or more of the accommodations, advantages, facilities and privileges of the Troy summer sports camp based on race, color or national origin.

50. Defendants City of Troy and Troy School District are vicariously liable as *respondeat superior* for the direct or indirect refusal, withholding or denial of one or more of the accommodations, advantages, facilities and privileges of the Troy summer sports camp.

## DAMAGES

51. As a direct and proximate result of the unconstitutional and unlawful actions of the individual and official Defendants as set forth above, K.V. was caused the following injuries and damages, past and future, including but not limited to: Mental anguish, mental distress, loss to reputation, embarrassment, humiliation, mortification, fear, anxiety, depression and loss of the enjoyment of life.

52. As a result of the Defendants' reprehensible, wanton, oppressive unconstitutional and unlawful actions and/or omissions, and their deliberate indifference to Kiara's rights under federal law, K.V. is entitled to recover for the damages and injuries referenced above in the form of economic and non-economic compensatory damages and is entitled to recover punitive damages on her federal claims and treble damages under MCL 750.147 for the denial of equal public accommodations.

53. Plaintiff is also entitled to recover reasonable costs and attorney's fees under 42 USC § 1988 and MCL 37.2101 et seq.

WHEREFORE, Plaintiff respectfully requests judgment for damages against each Defendant, jointly and severally, in whatever amount a jury shall determine is reasonable, fair and just, plus interest, costs and attorney's fees.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues allowed by law.

Respectfully submitted,

ERNST CHARARA & LOVELL, PLC

/s/ Kevin Ernst
Kevin Ernst P44223
Hannah Fielstra P82101
kevin@ecllawfirm.com
hannah@ecllawfirm.com

Date: October 11, 2021