UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TENNILLE VIAU, as Next Friend
of K.V. ,

       Plaintiff,                  Judge Mark A. Goldsmith
                                     Magistrate Judge David R. Grand
v                                          No. 21-11169

CITY OF TROY, TROY SCHOOL
DISTRICT, JOHN DOE, JANE DOE,
ELAINE BO and SCOTT MERCER,

       Defendants.
_____/

| | |
|---|---|
| KEVIN ERNST (P44223) | TIMOTHY J. MULLINS (P28021) |
| HANNAH FIELSTRA (P82101) | KENNETH B. CHAPIE (P66148) |
| ERNST CHARARA & LOVELL, PLC | GIARMARCO, MULLINS & HORTON, P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant, Troy School District* |
| 645 Griswold, Ste. 4100 | 101 W. Big Beaver Road, 10th Floor |
| Detroit, MI 48226 | Troy, MI 48084-5280 |
| (313) 965-5555 | (248) 457-7020 |
| kevin@ecllawfirm.com | tmullins@gmhlaw.com |
| hannah@ecllawfirm.com | kchapie@gmhlaw.com |

LORI GRIGG BLUHM (P46908)
ALLAN T. MOTZNY (P37580)
TROY CITY ATTORNEY'S OFFICE
*Attorneys for Defendants, City of Troy,*
*Bo and Mercer*
500 W. Big Beaver Road
Troy, MI 48084
bluhmlg@troymi.gov
motznyat@troymi.gov

# **ANSWER**

Defendant, TROY SCHOOL DISTRICT, by and through its attorneys, GIARMARCO, MULLINS & HORTON, P.C., states its answer to Plaintiff's Complaint as follows:

## VENUE AND JURISDICTION

1. In answer to paragraph 1, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

2. In answer to paragraph 2, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

3. In answer to paragraph 3, Defendant admits the allegations contained therein.

4. In answer to paragraph 4, Defendant affirmatively avers that the Troy School District is a Michigan Public School District performing a governmental function in Oakland County, Michigan, to wit, providing a public education to students within the district and, as such, the School is a governmental agency and is immune from suit herein.

5. In answer to paragraph 5, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

6. In answer to paragraph 6, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

7. In answer to paragraph 7, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

8. In answer to paragraph 8, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

9. In answer to paragraph 9, Defendant denies the allegations contained therein for the reason that they are untrue.

10. In answer to paragraph 10, Defendant denies the allegations contained therein for the reason that they are untrue.

## **FACTUAL ALLEGATIONS**

11. In answer to paragraph 11, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

12. In answer to paragraph 12, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

13. In answer to paragraph 13, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

14. In answer to paragraph 14, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

15. In answer to paragraph 15, Defendant denies the allegations contained therein for the reason that they are untrue.

16. In answer to paragraph 16, Defendant denies the allegations contained therein for the reason that they are untrue.

17. In answer to paragraph 17, Defendant denies the allegations contained therein for the reason that they are untrue.

18. In answer to paragraph 18, Defendant denies the allegations contained therein for the reason that they are untrue.

19. In answer to paragraph 19, Defendant denies the allegations contained therein for the reason that they are untrue.

20. In answer to paragraph 20, Defendant denies the allegations contained therein for the reason that they are untrue.

21. In answer to paragraph 21, Defendant denies the allegations contained therein for the reason that they are untrue.

22. In answer to paragraph 22, Defendant denies the allegations contained therein for the reason that they are untrue.

23. In answer to paragraph 23, Defendant denies the allegations contained therein for the reason that they are untrue.

24. In answer to paragraph 24, Defendant denies the allegations contained therein for the reason that they are untrue.

25. In answer to paragraph 25, Defendant denies the allegations contained therein for the reason that they are untrue.

26. In answer to paragraph 26, Defendant denies the allegations contained therein for the reason that they are untrue.

27. In answer to paragraph 27, Defendant denies the allegations contained therein for the reason that they are untrue.

28. In answer to paragraph 28, Defendant denies the allegations contained therein for the reason that they are untrue.

29. In answer to paragraph 29, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

30. In answer to paragraph 30, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

In answer to paragraph 31, Defendant denies the allegations contained therein for the reason that they are untrue.

31. In answer to paragraph 32, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

32. In answer to paragraph 33, Defendant denies the allegations contained therein for the reason that they are untrue.

33. In answer to paragraph 34, Defendant denies the allegations contained therein for the reason that they are untrue.

34. In answer to paragraph 35, Defendant denies the allegations contained therein for the reason that they are untrue.

35. In answer to paragraph 36, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

36. In answer to paragraph 37, Defendant denies the allegations contained therein for the reason that they are untrue.

37. In answer to paragraph 38, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to her proofs.

38. In answer to paragraph 39, Defendant denies the allegations contained

therein for the reason that they are untrue.

39. In answer to paragraph 40, Defendant denies the allegations contained therein for the reason that they are untrue.

### COUNT I – ALL DEFENDANTS
### DENIAL OF EQUAL PROTECTION
### IN VIOLATION OF FOURTEENTH AMENDMENT

40. In answer to paragraph 41, Defendant denies the allegations contained therein for the reason that they are untrue.

41. In answer to paragraph 42, Defendant denies the allegations contained therein for the reason that they are untrue.

### COUNT II – CITY OF TROY AND
### TROY SCHOOL DISTRICT ONLY
### MONELL LIABILITY

42. In answer to paragraph 43, Defendant denies the allegations contained therein for the reason that they are untrue.

43. In answer to paragraph 44, Defendant denies the allegations contained therein for the reason that they are untrue.

### COUNT III – ALL DEFENDANTS
### DENIAL OF EQUAL PUBLIC ACCOMMODATIONS IN VIOLATION OF
### THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL37.2101 *et seq*

44. In answer to paragraph 45, Defendant denies the allegations contained therein for the reason that they are untrue.

45. In answer to paragraph 46, Defendant denies the allegations contained therein for the reason that they are untrue.

46. In answer to paragraph 47, Defendant denies the allegations contained therein for the reason that they are untrue.

### COUNT IV – ALL DEFENDANTS
### DIRECT OR INDIRECT DENIAL OF PUBLIC ACCOMMODATIONS, ADVANTAGES, FACILITIES AND PRIVILEGES IN VIOLATION OF MCL 750.416

47. In answer to paragraph 48, Defendant denies the allegations contained therein for the reason that they are untrue.

48. In answer to paragraph 49, Defendant denies the allegations contained therein for the reason that they are untrue.

49. In answer to paragraph 50, Defendant denies the allegations contained therein for the reason that they are untrue.

### DAMAGES

50. In answer to paragraph 51, Defendant denies the allegations contained therein for the reason that they are untrue.

51. In answer to paragraph 52, Defendant denies the allegations contained therein for the reason that they are untrue.

52. In answer to paragraph 53, Defendant denies the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendant, TROY SCHOOL DISTRICT, respectfully requests that this Honorable Court enter an order of no cause of action as to Defendant, together with costs and attorney fees so wrongfully sustained.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant, Troy School District

DATED: November 11, 2021

**AFFIRMATIVE DEFENSES**

Defendant, TROY SCHOOL DISTRICT, by and through its attorneys, GIARMARCO, MULLINS & HORTON, P.C., states its Affirmative Defenses as follows:

1. Plaintiff has failed to state a cause of action upon which relief can be granted.

2. Plaintiff's claims for racial discrimination and racial harassment pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq, and Title VI of the Civil Rights Acts of 1964, as amended, 42 USC Section 2000d et seq, are barred, as the actions were taken for legitimate, non-discriminatory and non-retaliatory educational reasons.

3. The alleged racial conduct did not interfere with Plaintiff's education, nor create a hostile, intimidating or offensive athletic, recreational or educational environment.

4. Defendant was not provided notice of any unwelcome racial conduct for which it did not take prompt remedial action.

5. Any allegations of harassment or discrimination made by Plaintiff were promptly investigated by Defendant.

6. The allegations of racial harassment made by Plaintiff are not

9

sufficiently severe or pervasive to create a hostile athletic, recreational or educational environment.

7. Plaintiff has failed to report discriminatory action or racially derogatory conduct and failed to utilize the complaint procedure set forth in the Student Handbook.

8. Defendant has written policies and procedures prohibiting racial discrimination and racial harassment. These policies are communicated to all members of the school community, posted to all members of the public, and enforced by school administration.

9. Plaintiff's claims are barred by the failure to timely and properly exhaust all necessary administrative, statutory or jurisdictional remedies or prerequisites for the commencement of this action.

10. Defendant will show that at all times relevant hereto, it was engaged in a governmental function acting within the scope of its authority and, as such, is immune from suit for civil damages as set forth in Plaintiff's Complaint.

11. Defendant will show that at all times relevant hereto, it acted without malice, ill will and in good faith in the performance of its duties and, as a result, is immune from suit and recovery by Plaintiff in this case.

12. Defendant will show that Plaintiff has failed to prove any deprivation of a State or Federal right, nor has Plaintiff alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon a constitutional or statutory right. In particular, there has been no deprivation that was taken under color of law that would give rise to an action pursuant to a Civil Rights Act or 42 USC §1983.

13. Defendant will show at the time of trial that Plaintiff was guilty of negligence or other conduct which contributed to the matters complained of and was the sole or partial cause of any injury complained of, and Plaintiff's recovery should be barred or diminished to the extent of such conduct.

14. Defendant will show at the time of trial that it was guided by and strictly observed all legal duties and obligations imposed by law or otherwise and, further, that all actions of any of Defendant's agents, servants, employees or associates were careful, prudent, proper and lawful.

15. Defendant will show and rely upon at the time of trial that Plaintiff, as a matter of law, is not entitled to exemplary or punitive damages or attorney fees.

16. Defendant will show and rely upon at the time of trial that any injuries complained of were proximately caused by third persons not under the control of Defendant.

17. Plaintiff did not act in good faith.

18. This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.

19. Any conduct and/or actions complained of by Plaintiff herein were authorized, consented to and have otherwise been released by Plaintiff.

20. Defendant will show and rely upon at the time of trial that Plaintiff has failed to provide proper and timely notice to Defendant.

21. Defendant will show at the time of trial that all actions complained of in Plaintiff's Complaint were absolutely or qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan and of the United States, and Defendant has never acted or communicated with discriminatory intent in reference to the Plaintiff.

22. Plaintiff's Complaint is barred by the provisions of the Eleventh Amendment.

23. Plaintiff's claim is barred by the expiration of the Statute of Limitations.

24. Defendant will show and rely upon at the time of trial that there was no discriminatory intent.

25. Defendant will show and rely upon at the time of trial that at all times, it was acting in good faith for legitimate non-discriminatory educational/competitive reasons.

26. Plaintiff's cause of action is barred because Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory or harassing behavior.

27. Plaintiff's cause of action is barred because Plaintiff student

unreasonably failed to take advantage of any preventative or corrective opportunities provided by the School District.

28. Defendant reserves the right to amend these Affirmative Defenses as further information becomes known through the investigation and discovery process.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant, Troy School District

### RELIANCE UPON JURY DEMAND

Defendant, TROY SCHOOL DISTRICT, by and through its attorneys, GIARMARCO, MULLINS & HORTON, P.C., hereby relies upon the jury demand previously filed by Plaintiff as to all issues of trial.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant Troy School District

### CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on November 11, 2021, he did serve a copy of the **Answer, Affirmative Defenses and Reliance Upon Jury Demand** via the United States District Court electronic transmission on the aforementioned date.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant Troy School District
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021