UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TENNILLE VIAU,                                    Case No. 2:21-cv-11169

As Next Friend of K.V.,

     Plaintiff,                              HON. MARK A. GOLDSMITH
v.                                               MAGISTRATE DAVID R. GRAND

CITY OF TROY, *et al,*

     Defendants.

_____/

## TROY DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

### I.  Plaintiff Has Failed To State A Viable Discrimination Claim

Plaintiff's entire lawsuit is premised on her allegation that on July 10, 2019, her daughter K.V. was treated differently from 14 other sports camp participants, and was not allowed to be on her preferred scrimmaging team because of her race.  Even giving Plaintiff the benefit of the doubt, a required assumption for a summary judgment motion, this is still insufficient to state a viable claim against the Troy defendants under either the Equal Protection Clause of the Fourteenth Amendment (Count I) or Michigan's public accommodation acts - the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq,* (Count III) and MCL 750.146 (Count IV).  Plaintiff's complaint is devoid of any allegation that Troy Defendants Bo, Mercer, or

any employee of the City of Troy were present on July 10, 2019, or that any of the Troy defendants discriminated against her by burdening a fundamental right, which is essential to continue her claim.  *Loesel v City of Frankenmuth,* 692 F3d 452, 461 (CA6, 2012).  Instead, Plaintiff claims that Troy's motion is premature before discovery or disclosures. However, an allegation *"that merely creates a suspicion of a legally cognizable right of action is insufficient." Id.,* 735.  Plaintiff unsuccessfully relies on *El-Hallani v Huntington Nat'l Bank,* 623 F App'x 730, 735 (CA6, 2015) as a justification for her pleading deficiencies.  However, an allegation *"that merely creates a suspicion of a legally cognizable right of action is insufficient." Id.,* 735. Moreover, *El-Hallani* is further distinguishable, since the Plaintiff in that case bolstered his complaint allegations with an affidavit of a former employee of the defendant bank supporting the plaintiff's claim, which made the allegations more plausible. *Id.* 737-738.  In this case, Plaintiff's claims against Troy Defendants Mercer and Bo are limited to her assertion that she complained to them about the alleged racial discrimination.  The email that Plaintiff sent to Mercer on July 11, 2019 is attached to his affidavit, and it does not contain any allegations of racial discrimination. Plaintiff has only offered a mere suspicion that Troy Defendants Bo and

Mercer acquiesced in discriminatory conduct, and therefore she fails to state a plausible cause of action against these Troy defendants.

Furthermore, Plaintiff has not met her burden to plausibly allege the deprivation of a fundamental right. There is no authority providing that a person has a constitutional right to be placed a scrimmaging team of their own choice. See *Lowery v Euverard,* 497 F3d 584, 588 (CA6, 2007) holding *"it is well established that students do not have a general constitutional right to participate in extracurricular athletics."* The cases relied on by Plaintiff - *Penick v Columbus Board of Education,* 583 F2d 787 (CA6, 1978) and *Communities for Equity v Mich High School Ath Ass'n,* 178 F Supp 2d 805 (WD Mich, 2001) - are distinguishable. *Penick* involved intentional segregation resulting in dual school systems in which children were placed in totally separate schools based on race. *Id.,* 789. *Communities for Equities* involved a claim for gender discrimination alleging boys' and girls' sports programs were scheduled in a manner that worked to the disadvantage of female student athletes. *Id.,* 848.  In this case, K.V. was not placed in a separate soccer camp. There is no dispute that she participated in the exact same program during the exact same period of time as all of the other children. Accordingly, her fundamental right to equal protection was not burdened.

3

The allegation that Plaintiff was placed on a separate team than white children is also insufficient to support a claim under Michigan's public accommodations acts.   In *Tucich v Dearborn Indoor Racquet Club,* 107 Mich App 398, 406; 309 NW2d 615 (1981), the mere fact that a racquet club charged differential pricing for men and women was not a violation of MCL 750.146 when there was no allegation the accommodation was withheld, refused or denied to plaintiff.  In this case, since Plaintiff participated in every aspect of the soccer camp, she cannot show a public accommodation was withheld, refused or denied to her.

## II. <u>Plaintiff Has Not Established A Viable Monell Claim</u>

A Plaintiff's claim against a municipality under *Monell* must fail if there is no underlying constitutional violation.  *Napier v Madison County,* 238 F 3d 739, 743 (CA 6, 2001). Thus, the complaint against the City of Troy should be dismissed because, as set forth above, there is no underlying constitutional violation in this case.  Plaintiff claims that Defendants Bo and Mercer were previously aware a game called "Bomb the Country" was played at the soccer camp (an allegation specifically denied in Mercer's affidavit), but this does not identify a specific official policy or custom of the City that was the direct cause of the alleged injuries. *Garner v Memphis Police Department*, 8 F 3d 358, 363-364 (CA 6 1993).  In the response to

4

the present motion, Plaintiff asserts the *Monell* claim is also based on the

City's failure to train its employees. To support a claim that a municipality

failed to train its agents, a plaintiff must show that the failure amounted to a

deliberate indifference to the constitutional rights of its inhabitants. *City of*

*Canton v Harris,* 489 US 378, 388, 391; 109 S Ct 1197; 103 L Ed 2d 412

(1989). There are no factual allegations in the complaint that support a

*Monell* claim based on failure to train. Dismissal is appropriate.

### III. Qualified Immunity Shields the Defendants

The individual Troy Defendants have raised qualified immunity as a

defense, and Plaintiff has failed to meet her burden to show that they are not

entitled to qualified immunity. *Haynes v City of Circleville,* 474 F3d 357, 362

(CA 6, 2007). In order "*to establish liability and to overcome a qualified*

*immunity defense, an individual must show that his or her own rights were*

*violated*, *and the violation was committed personally by the defendant.*"

*Robertson v Lucas,* 753 F 3d 606, 615 (CA 6, 2014). In this case, Plaintiff has

not alleged that Defendants Bo and Mercer personally engaged in conduct

that violated her constitutional rights. Additionally, since there is no authority

indicating a person participating in a sports program has a constitutional right

to be placed on a team of their own choosing, Plaintiff has not demonstrated

that her constitutional rights were knowingly violated by any Troy Defendant.

## IV. <u>Defendants' Rule 56 Motion Is Not Premature</u>

Plaintiff challenges that Troy's motion for summary judgment is premature, since it is filed before discovery has been completed.  However, Federal Rule of Civil Procedure 56(b) allows for a motion for summary judgment to be filed at any time, unless a different time is set by local rule, which is not the case here.  Additionally, when a defendant raises the threshold issue of qualified immunity, a district court is justified in ruling on a motion at the earliest opportunity, and prior to discovery.  *Short v Oaks Correctional Facility,* 129 Fed App'x 278, 283 (CA 6, 2005).  This justification is based on the philosophy behind the doctrine of qualified immunity, which is the desire to avoid the substantial costs imposed on government officials by subjecting them to the risks of trial when qualified immunity would defeat a claim.  *Robertson,* 623.  An early qualified immunity determination avoids imposing needless discovery costs. *Skousen v Brighton High School,* 305 F3d 520, 526 (CA 6, 2002), *Vaughn v U.S. Small Business Admin.,* 65 F3d 1322, 1326 (CA 6, 1995).

Plaintiff has filed a declaration under Federal Rule 56(d) contending she needs an opportunity to conduct discovery to obtain relevant documents to test the veracity and credibility of the statements made in the individual Defendants' affidavits. First, the affidavits were made under oath,

and under a penalty of perjury.  Second, Rule 56(d) does not allow for mere speculation to delay an adjudication. Other than indicating a desire to obtain additional information to challenge the credibility of the witnesses, Plaintiff does not explain how additional discovery yield any additional material facts, and there is no reason to defer consideration of the motion.

Dated: November 22, 2021    s/Allan T. Motzny (P37580)
                            Troy City Attorney's Office
                            Attorney for Defendants Troy, Bo and Mercer
                            500 W. Big Beaver Road
                            Troy, MI 48084
                            (248) 524-3320
                            motznyat@troymi.gov

**LOCAL RULE CERTIFICATION**: I Allan T. Motzny, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is within the allowable page and word limitations.  Local Rule 7.1(d)(3)(B).

Dated: November 22, 2021     s/Allan T. Motzny (P37580)
                             Troy City Attorney's Office
                             Attorney for Defendants Troy, Bo and Mercer
                             500 W. Big Beaver Road
                             Troy, MI 48084
                             (248) 524-3320
                             motznyat@troymi.gov

### **Certificate of Service**

I hereby certify that on November 22, 2021, I electronically filed Defendants Reply to Plaintiff's Response to City of Troy, Elaine Bo, and Scott Mercer's Motion for Dismissal of Amended Complaint and for Summary Judgment with the Clerk of the Court using the ECF system and served notice of such filing to all parties of record using the ECF system.

Dated: November 22, 2021     s/Allan T. Motzny (P37580)
                             Attorney for Defendants Troy, Bo and Mercer
                             500 W. Big Beaver Road
                             Troy, MI 48084
                             (248) 524-3320
                             motznyat@troymi.gov