UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TENNILLE VIAU, *et al.*,

      Plaintiffs,    Civil Action No. 21-11169

v.            Mark A. Goldsmith
             United States District Judge
CITY OF TROY, *et al.*,

             David R. Grand
      Defendants.   United States Magistrate Judge
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
TROY SCHOOL DISTRICT'S MOTION TO DISMISS (ECF No. 48)
AND TO DISMISS ACTION WITHOUT PREJUDICE**

**Background**

On May 20, 2021, plaintiff Tennille Viau ("Viau"), as next friend of K.V., a minor, filed a four-count complaint against the City of Troy and four of its employees, Elaine Bo, Scott Mercer, and a John and Jane Doe. (ECF No. 1). Subsequently, Viau filed an amended complaint, which added the Troy School District as a defendant. (ECF No. 18). On January 7, 2022, an Order of Reference was entered, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 32).

The Court recently issued a Report and Recommendation which details this case's factual background, and that discussion is incorporated herein by reference. (ECF No. 37). In short, Viau alleges that, on July 10, 2019, her then-ten-year-old child, K.V., was enrolled in the City of Troy Recreation Department's summer sports camp for soccer, and that K.V.'s soccer coach segregated K.V. and other children by national origin and/or race, and

then had them play a game that pitted those groups against each other. Viau's complaint alleges violations of the Fourteenth Amendment's Equal Protection Clause, a *Monell* claim against the City of Troy, as well as various state law claims.

Initially, K.V. (and Viau on her behalf) was represented by two attorneys. However, despite the fine advocacy displayed by her counsel in all aspects of this litigation that came before the Court,[1] Viau believed they were not fully representing her interests and following her wishes, so on November 17, 2021, she filed a motion for them to withdraw. (ECF No. 29). On April 21, 2022, the Court issued an order granting Viau's motion. (ECF No. 36). Because of the length of time that had passed since Viau filed her motion, the Court indicated that it would not further delay the case, and that while Viau remained free to retain counsel, she would need to proceed *pro se*.

While the Court firmly believes it was correct not to further delay the case for Viau to attempt to secure new counsel, it erred in suggesting that Viau could proceed *pro se*. Indeed, on August 5, 2022, the Troy School District filed a motion to dismiss the complaint without prejudice, citing ample case law which holds that a non-attorney parent, like Ms. Viau, may not represent her minor child in federal court litigation. (ECF No. 48). The City of Troy, Elaine Bo, and Scott Mercer joined in that motion. (ECF No. 49). Viau did not timely respond to the motion, and on September 8, 2022, the Court issued an Order to Show Cause to Viau, giving her a final opportunity to address the issue of her needing to secure counsel to represent K.V. in this case if she wished it to move forward. (ECF No.

---

[1] In particular, the Court notes that counsel drafted a successful response to the defendants' motion to dismiss. (ECF No. 27).

2

55). On September 21, 2022, Viau filed a response to the Order to Show Cause. (ECF No. 56). However, Viau did not refute the cases cited by the defendants, or even cite any case law whatsoever. Instead, she merely argued that "to dismiss the case without relief [] is no different than saying that what the coaches did was perfectly acceptable . . ." (*Id.*, PageID.445).

**Applicable Standards and Discussion**

While the Court is sensitive to Ms. Viau's concerns for her daughter and the other children present during the incident in question, as well as K.V.'s rights, the law is clear that Viau, as a non-attorney, may not represent K.V. in this federal court action. For example, in *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002), the Sixth Circuit explained, "[a]lthough 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause.")). As is relevant here, the court went on to specifically explain that this means "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Id.* The Sixth Circuit has also explained that in such circumstances, where the parent fails to timely secure counsel to represent his or her minor child, the case must be dismissed without prejudice. *See Moses v. Gardner*, No. 15-5971, 2016 WL 9445913, at *1 (6th Cir. May 24, 2016).

3

Viau does not challenge any of the aforementioned case law or legal principles. Moreover, Viau and K.V. were initially represented by able counsel, but Viau found their advocacy inadequate. Nevertheless, the Court gave Viau more than ample time to secure replacement counsel, but she failed to do so. Accordingly, it is appropriate to dismiss the instant action without prejudice. *Id.* The Court notes that a dismissal without prejudice means that there is no adjudication on the merits, and thus this disposition is very different "than saying that what the coaches [allegedly] did was perfectly acceptable. (ECF No. 56, PageID.445).

## Conclusion

For all of the foregoing reasons, the Court **RECOMMENDS** that the Troy School District's motion to dismiss **(ECF No. 48)** be **GRANTED**, and that this action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 6, 2022  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United*

*States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 6, 2022.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
